### KREUTZ et al. v. ELTING, Collector of Customs, et al.

District Court, S. D. New York.
March 29, 1933.

William L. Wemple, of New York City, for complainants.

George Z. Medalie, U. S. Atty., of New York City (Samuel C. Coleman and Ira Koenig, both of New York City, of counsel), for defendants.

COXE, District Judge.

This is a motion by the defendants to dismiss the amended complaint for want of equity. The plaintiffs are importers of matches from Austria and Sweden, and the suit is brought to enjoin the defendants from enforcing findings made by the Secretary of the Treasury under section 201 of the Anti-Dumping Act 1921 (19 USCA § 160), in connection with various shipments of matches made in 1930, and having a total value of $122,400.

The complaint alleges that the plaintiffs are partners doing business in New York City; that they imported the matches from Austria and Sweden; that the defendants Elting and Kracke, who are the collector and appraiser, respectively, at the port of New York, threaten to impose a special dumping duty on the various shipments; that the threatened action of the defendants is based on public findings of the Secretary of the Treasury under section 201 of the Anti-Dumping Act 1921, stating that, "after due investigation in accordance with the provisions of section 201 Antidumping Act 1921," he finds "that the industry of manufacturing matches of the strike on the box type in the United States is being and is likely to be injured by reason of the importation into the United States of safety matches of the strike on the box type from Austria and Sweden and that such safety matches have been sold and are likely to be sold in the United States at less than their fair value"; that these findings of the Secretary were made without investigation or knowledge of the facts, and without affording the plaintiffs an opportunity to be heard, and to examine witnesses; that there was no inquiry of the "fair value" of plaintiffs' matches, "or any other matches at or near the date" when the findings were made; and that the threatened action of the defendants is illegal, and in violation of the Federal Constitution.

The paragraph of the amended complaint numbered 14 reads as follows: "The only basis of fact upon which the said A. W. Mellon relied in making the said alleged findings was that it was made to appear to him that matches of the class or kind which were imported by complainants were sold without restriction in Austria and in Sweden respectively for a greater price than was exacted and paid in Austria and Sweden respectively for matches to be exported."

It is insisted by the defendants in support of the motion to dismiss (1) that the Anti-Dumping Act 1921 is constitutional; (2) that the Secretary in making public his findings with respect to matches imported from Austria and Sweden acted strictly in accordance with the statute; and (3) that the plaintiffs have an adequate remedy at law.

■■ The Anti-Dumping Act 1921 (19 USCA § 160 et seq.), is not unconstitutional as an improper delegation of legislative power. Hampton v. United States, 276 U. S. 394, 48 S. Ct. 348, 72 L. Ed. 624. Indeed, the plaintiffs do not seriously press that particular contention in opposition to the present motion. And the plaintiffs themselves allege in the amended complaint that the Secretary made findings that safety matches of the strike on the box type imported from Austria and Sweden "have been sold and are likely to be sold in the United States at less than their fair value." These findings are set forth at length in the pleading, and recite that they were made "after due investigation in accordance with the provisions of section 201 Anti-Dumping Act 1921." The Anti-Dumping statute does not specify how or in what way the investigation shall be made, but merely provides that: "Whenever the Secretary of the Treasury, * * * after such investigation as he deems necessary, finds that an industry in the United States is being or is likely to be injured * * * then he shall make such finding public to the extent he deems necessary. * * *"

And, as long as the Secretary keeps within the bounds of the statute, the plaintiffs have no just ground for complaint, for "no one has a legal right to the maintenance of an existing rate or duty." Norwegian Nitrogen Products Co. v. United States, 53 S. Ct. 350, 359, 77 L. Ed. —— decided by the Supreme Court, February 6, 1933.

■ Neither is it a valid criticism of the Secretary's findings that the plaintiffs were not given a hearing, or afforded an opportunity to examine and cross-examine witnesses, as no such procedure is indicated in the statute. Anti-Dumping Act 1921, § 201 (19 USCA § 160); Norwegian Nitrogen Products Co. v. United States, supra.

■■ It is asserted, however, that the "only basis of fact" upon which the Secretary acted in making his findings was that "it was made to appear to him that matches of the class or kind which were imported by complainants were sold without restriction in Austria and in Sweden respectively for a greater price than was exacted and paid in Austria and Sweden respectively for matches to be exported"; and it is argued that such proof is insufficient to support findings that "such safety matches have been sold and are likely to be sold in the United States at less than their fair value."

Without, however, attempting in any way to pass on the question whether express findings made by the Secretary, under clear statutory authority, may be impugned in any such manner as indicated by these allegations, I am clear that the allegations themselves are tantamount to admissions by the plaintiffs that the Secretary made his findings upon proof that the "purchase price or exporter's sales price" was "less than its foreign market value," which is the test prescribed in article 712 of the Customs Regulations of 1923. These regulations were promulgated under the authority of section 407 of the Anti-Dumping Act (19 USCA § 173), and have the force of law. The same test is also indicated in section 201 (b) (19 USCA § 160 (b). I think, therefore, that even on the basis of the plaintiffs' own allegations the Secretary's findings were amply justified.

■ I am satisfied also that a suit for injunctive relief cannot be maintained, as the legal remedy is plainly adequate. Hurley v. Kincaid, 285 U. S. 95, 52 S. Ct. 267, 76 L. Ed. 637; Louisiana v. McAdoo, 234 U. S. 627, 34 S. Ct. 938, 58 L. Ed. 1506. If, as alleged in the amended complaint, the defendants are without legal authority to assess and collect the special dumping duties, the question may be litigated in the United States Customs Court, the Court of Customs and Patent Appeals, and even in the Supreme Court. This is well illustrated by the case of Norwegian v. United States, supra, which came to the Supreme Court through the regular Customs Courts, and where similar questions to those raised here were fully considered and passed upon. And in United States v. Kleberg, decided by the United States Customs Court, June 24, 1932, exactly the same contentions advanced by the plaintiffs in the present suit were made and decided adversely to the importers, showing conclusively that the customs tribunals have full power to adjudicate all controversies such as are presented by the amended complaint.

The motion to dismiss the amended complaint for want of equity is granted.